UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
ROBERT E. NOWAKOWSKI, individually
and as Administrator for the Estate of
Tadeusz Nowakowski,

            Plaintiff,

    - against -

SCOTT D. GROSS, Esq.,

            Defendant.
------------------------------------------------------------ x

**MEMORANDUM & ORDER**

10 cv 4693 (RJD) (LB)

DEARIE, District Judge.

    Plaintiff's present suit under the Fair Debt Collection Practices Act is the latest in a decades-long dispute with his landlord and others. At the crux of the controversy is plaintiff's rent-controlled apartment in Greenpoint, Brooklyn, where plaintiff and his late father have lived since the 1970s. Plaintiff's father, Tadeusz Nowakowski, died in March 2010; plaintiff continues the fight in his own name and on behalf of his father's estate. Plaintiff appears pro se and in forma pauperis. Defendant is the lawyer for plaintiff's landlord. He moves to dismiss for failure to state a claim. For the reasons stated below, defendant's motion is granted.

    The Court assumes the parties' familiarity with the allegations, which it reads in plaintiff's favor, granting him all reasonable inferences. Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).

    To survive a motion to dismiss under Rule 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ehrich v. RJM Acquisitions LLC, 2009 WL 4545179, at *1 (E.D.N.Y. Dec. 4, 2009) (Cogan, J.) (dismissing FDCPA complaint under 12(b)(6)) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949

(2009) (internal quotation omitted)). Because Nowakowski is pro se, the Court gives his papers special solicitude. See Haines v. Kerner, 400 U.S. 519, 520 (1972) (per curiam). But a pro se plaintiff must still allege a plausible basis for relief. See Estelle v. Gamble, 429 U.S. 97, 107 (1976). Nowakowski does not, and his claims are dismissed.

Robert Nowakowski's FDCPA claims are based on two letters from Scott Gross seeking back rent on behalf of Nowakowski senior's landlord. All FDCPA claims based on the first letter,[1] dated July 22, 2009, are time barred, since plaintiff filed his original complaint on October 5, 2010. See 15 U.S.C. § 1692k(d) (one year statute of limitations). Plaintiff's claims based on the second letter, dated November 23, 2009, are timely but fail for different reasons.

Plaintiff's amended complaint does not specify under which provisions of the FDCPA he sues. See Ehrich, 2009 WL 4545179, at *3 (dismissing complaint where "[p]laintiff failed to include . . . the language that allegedly violates the FDCPA, and did not connect the language to particular FDCPA provisions"). It is, instead, a conclusory and very general allegation that fails to identify a plausible claim for relief. Defendant's November 2009 letter indicates that Nowakowski senior owed $1,739.66 in back rent for January 2007 through February 2009, accrued at the rate of $66.91 per month. See Def. Mot., Ex. C (plaintiff neither included a copy of the letter nor specified its date). Plaintiff does not contest the amount owed, but instead invokes §1692e's general prohibition against "false, deceptive, or misleading representation[s]." Plaintiff argues that the November 2009 letter did not itemize his father's debt and contained "contradictory dates." Nothing in the FDCPA requires a debt collector to itemize the debt. And although the introductory paragraph in defendant's November 2009 letter states that $1,739.66 is owed for the period March 1, 2008 through February 28, 2009, the partial breakdown of

---

[1] See Am. Compl. ¶¶ 11-17.

Nowakowski senior's rent, by month, clarifies that this amount is actually owed for the period January 2007 through February 28, 2009. See Def. Mot., Ex. C. Nowakowski offers no support for his conclusion that "[t]his contradiction in dates is deceptive and misleading." Am. Compl. ¶ 22. See Pifko v. CCB Credit Servs., Inc., 2010 WL 2771832, at *4 (E.D.N.Y. July 7, 2010) (Seybert, J.) (granting judgment on pleadings for § 1692(e) claim where defendants "clearly stated the total amount due"). Plaintiff also argues that "it was deceptive and misleading to omit [his name] from the rent demand" letter, which was addressed only to Nowakowski senior. See Am. Compl. ¶ 21. But since plaintiff's name was not on his father's lease, plaintiff was not obligated to pay rent. Therefore, plaintiff fails to state a plausible basis for relief under § 1692(e).

Plaintiff also asserts that defendant conspired with Nowakowski senior's landlord to "refuse [Nowakowski senior's] monthly rent mailings" in retaliation for reports the plaintiff and his father made about "serious housing violations" in 2003. See Am. Compl. ¶¶ 26-27. Plaintiff claims that defendant, his father's landlord, and an accomplice in the Greenpoint Post Office conspired to "cheat[] the Nowakowskis into paying the February 2010 rent twice." Id. ¶ 30 ("Third Cause of Action"). Plaintiff accuses these same "co-conspirators," along with his neighbor in Apartment 8, of trying to "collect a stale debt" in Housing Court in July 2009. Id. ¶¶ 31-33 ("Fourth Cause of Action"). Plaintiff's "Fifth Cause of Action[:] Malicious Abuse of Process" asserts that defendant "regularly issu[ed] legal process to [plaintiff and his father] for harassment of them." Id. ¶ 34. The amended complaint does not specify whether plaintiff alleges these claims under the FDCPA, and if so, which provisions he believes entitle him to relief. Moreover, to the extent that plaintiff has viable state law claims, the amended complaint acknowledges that there has already been some litigation in Housing Court. See Am. Compl. ¶¶

28, 29, 31, 32. See also Def. Mot., Ex. F (order settling rent dispute by requiring Nowakowski senior to pay $1,538.93 for arrears through February 28, 2010 and discontinuing suit). Plaintiff's third, fourth, and fifth causes of action do not state a basis for relief under the FDCPA. With no federal claims remaining, this Court declines to exercise jurisdiction over any related state law claims.

For the reasons stated above, defendant's motion to dismiss is granted. An appeal from this order would not be made in good faith; therefore, the Court denies in forma pauperis status for the purpose of appeal. 28 U.S.C. § 1915(a)(3). The Clerk of Court is ordered to close the case.

SO ORDERED.

Dated: Brooklyn, New York
      September 17, 2012

/s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge